DREDGE CORPORATION, A NEVADA CORPORATION, APPELLANT, v. WELLS CARGO, INC., RESPONDENT.

No. 5280

June 26, 1967                    429 P.2d 548

*Deaner, Butler and Adamson,* of Las Vegas, and *Abraham Marcus,* of Beverly Hills, California, for Appellant.

*Guild, Guild and Cunningham* and *David W. Hagen,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

This appeal is the sequel to our partial remand in Dredge Corporation v. Wells Cargo, Inc., 82 Nev. 69, 410 P.2d 751 (1966), wherein we directed the district court to find from the record whether Wells had performed its contractual obligations with respect to the following unpatented claims: Dredge claims 13, 14, 15, 16, 36, 37, 40, 41, 44, 45, 52, 53, 56, 57, and the claims called Alpha, Beta, Gamma, Delta, and Epsilon. Reference is made to Dredge Corporation v. Wells Cargo, Inc., supra, for the factual setting of this controversy.

The record of this case following remand shows that the district court, on July 1, 1966, made findings which did not comply with our directive. Those findings of fact merely recite the determination of the Bureau of Land Management as to the patentability of the claims, and do not deal with the issue of performance by Wells, nor was judgment entered thereon.

The lower court apparently realized that it had not complied with our directive, and on November 30, 1966 made additional findings of fact upon the issue of performance. It found that

Wells had fully performed its contractual obligations with respect to each claim. Judgment was then duly entered, and this appeal by Dredge followed.

The record discloses substantial evidence to support the finding of full performance by Wells. Wells excavated at least 500 cubic yards of gravel from each claim and removed the gravel from the pits; expended more than $500 in improving each claim; and performed the annual assessment work. Dredge now asserts that the finding of full performance cannot be allowed to stand since, on some of the claims, the gravel which had been removed from the pits was stock-piled, and not removed off of the claim itself. We think this contention is frivolous. The contract did not so require. Indeed, as indicated by our earlier opinion, the right to remove the gravel and use it was granted by the contract to Wells, and was for its benefit, not Dredge's.

Affirmed.

COLLINS, J., and BREEN, D. J., concur.